UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 354 |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| DAVID LEWISBEY | ) | |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*** 

The UNITED STATES OF AMERICA, by GARY S. SHAPIRO, United States Attorney for the Northern District of Illinois, in advance of the trial in this case, respectfully moves this Court, *in limine*, as follows:

**I.      PRECLUDE EVIDENCE OR ARGUMENT REGARDING PENALTIES**

The government respectfully moves this Court to preclude LEWISBEY from introducing evidence, advancing arguments or questions, or otherwise mentioning the potential penalties faced by him if convicted. The Seventh Circuit unequivocally has held that "arguing punishment to a jury is taboo." *See*, *e.g.*, *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997). Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See*, *e.g.*, *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"(quoting *United States v. Rogers*, 422 U.S. 35, 40 (1975)); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict").

Mention of the potential penalties faced by the defendant would serve only the improper

purpose of jury nullification and should therefore be barred. *See*, *e.g.*, *United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("'The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.'") (*quoting United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980))); *United States v. Patterson*, 1996 WL 54237, at *1 (N.D. Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification).

## II.  PRECLUDE FORMS OF ARGUMENT OR EVIDENCE DESIGNED TO ELICIT JURY NULLIFICATION

The government respectfully moves this Court to preclude LEWISBEY from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See*, *e.g.*, *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant." (*citing United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988) and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993))); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'" (*quoting United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983))).

### III. PRECLUDE DISCOVERY REQUESTS OR COMMENTARY REGARDING DISCOVERY IN PRESENCE OF JURY

The government respectfully moves to preclude counsel from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests from counsel in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. In fact, as often happens, counsel's requests are ill-founded because the discovery has already been tendered or is not subject to disclosure. Thus, any discovery requests can and should be made to the Court or opposing counsel outside of the jury's presence.

### IV. PRECLUDE ARGUMENT DEFINING REASONABLE DOUBT

The government respectfully moves to preclude counsel from attempting to define reasonable doubt during any argument presented to the jury. The Seventh Circuit has clearly and consistently held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. *See, e.g.*, *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words themselves"); *United States v. Bardsley*, 884 F.2d 1024, 1029 (7th Cir. 1989); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (explaining that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury") (citations omitted); *United States v. Hall*, 854 F.2d 1036 (7th Cir. 1988) ("An attempt to define reasonable doubt presents a risk without any real benefit.").

In *United States v. Thompson*, 117 F.3d 1033 (7th Cir. 1999), the Seventh Circuit affirmed the district court's decision to prevent defense counsel from explaining reasonable doubt to the jury. Explaining that "[t]he law is clear in this circuit that it is improper for attorneys to attempt to define

3

the term," the Seventh Circuit noted that by preventing defense counsel's attempt to explain reasonable doubt, "[r]ather than abusing its discretion, the district court heeded our express command." *See also United States v. Alex Janows & Co.*, 2 F.3d 716, 722-23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury.").

The pattern jury instructions for the Seventh Circuit also make clear that "[t]he phrase 'reasonable doubt' is self-explanatory and is its own best definition. Further elaboration 'tends to misleading refinements' which weaken and make imprecise the existing phrase." Committee Comment to Seventh Circuit Pattern jury Instruction 2.04 (citations omitted). Thus, defense counsel should be prohibited from defining reasonable doubt to the jury.

## V. PRECLUDE ARGUMENT OR EVIDENCE OF OUTRAGEOUS GOVERNMENT CONDUCT

The government moves to exclude evidence or argument by counsel of "outrageous government conduct." In addition to the improper arguments addressed by the cases cited below, the government moves to exclude evidence or argument that the government's use of a confidential informant was improper or outrageous.

First, the Seventh Circuit has repeatedly held that the "defense of outrageous government conduct does not exist in this circuit." *United States v Sherman*, 268 F.3 539, 549-550 (7th Cir. 2001); *see also United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995) (There is no "outrageous government conduct" defense in the Seventh Circuit.) Second, this Circuit held that the issue of government misconduct was a matter of law for determination by the court: "the issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question) (citations omitted); *see also United States v. Katz*, 1992 WL 137174, at *5 (N.D. Ill.

4

1992) ("[T]he government is right in attempting to preclude any argument by [defendant] before the jury that the government's conduct in investigating and prosecuting this case is outrageous."); *United States v. D'Arco*, 1991 WL 264504 (N.D.Ill. Oct. 18, 1991); *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. Aug. 13, 1991); *United States v. Finley,* 708 F. Supp. 906, 913-914(N.D. Ill. 1989). Yet, there is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F.Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted) (This is a case of a defense counsel without much of a defense to money laundering/structuring charges who tried to follow the old maxim that when the facts and the law are against you, then attack the prosecution. The problem with this tactic is that, in its purest form, it is quite outside the law. A generation ago Justice Walter Schaefer once lamented the "increasing tendency in criminal cases to try some person other than the defendant and some issue other than his guilt." His observation holds true today.) The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id*. at 1347. In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions in limine "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *Shields*, 1991 WL 236492, at *3; *United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (granting motion in limine to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation."); *Katz*, 1992 WL 137174, at *5 (N.D. Ill. 1992).

Accordingly, the government moves to bar the defense from introducing evidence or argument of outrageous government conduct. Moreover, should the defense plan to elicit evidence or argue during its opening statements or summations that the government's conduct was somehow outrageous, wrong, or inappropriate, they must address the matter to the Court beforehand since it is a matter for the Court, and the not the jury, to decide. *See United States v. Bontkowski*, 865 F.2d 129, 132 (7th Cir. 1989) (If the outrageous government conduct defense exists, "it is for the trial court, not the jury, to decide whether government conduct is so outrageous that due process bars the use of the judicial system to obtain a conviction.")

Similarly, the government moves to preclude evidence or argument by the defense regarding the government's and the agents' motivations for investigating or prosecuting the case. Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

Further, the government moves to preclude the defense from arguing or eliciting evidence regarding the mental states, subjective intentions, or motivations, of the investigating agents. It is settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *Katz*, 1992 WL 137174, at *7

(granting government's motion in limine to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case."); *Shields,* 1991 WL 236492 at *3 (precluding evidence concerning discussions between supervising agent and cooperating witness and noting, "evidence of conversations between the government and its cooperating witness are immaterial; rather what matters is what the witness said to the defendants.").

For example, in *United States v. Infelise,* the court forbid the defendant from raising claims of either outrageous government conduct or selective prosecution before the jury. 1991 WL 251651, at 1* (N.D.Ill. Nov. 19, 1991). It reasoned that the questions asked of testifying government agents were designed to imply that the searches where illegal, the timing between the searches and the indictment was improper, and that the government had a bias against the defendant, and held that those questions could not be asked because the "various law enforcement agents testifying in this case are not on trial, the defendants are." *Id.*

## VI. PRECLUDE MENTION OF NON-PERTINENT TRAITS OF THE DEFENDANT'S CHARACTER

The government respectfully moves the Court to exclude evidence of non-pertinent traits of the defendant's character. Under Federal Rule of Evidence 404(a)(1), "[e]vidence of a pertinent trait of character offered by an accused" is admissible. Pursuant to this rule, only pertinent character traits of the defendant are admissible which means that all non-pertinent traits are not admissible. Accordingly, the government moves to bar the character traits of the defendant that are not pertinent. Barring a direct showing by the defendant that the character traits are pertinent to the facts and issues in this case, the defendant must be prohibited from offering any specific character traits in his defense. Further, the government respectfully moves the Court to exclude all evidence of the defendant's lawfulness and/or legal conduct, except reputation or opinion evidence offered by

7

character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a).[1] Other than testimony from character witnesses fitting within the narrow confines of Rule 405(a), no such evidence is admissible.

Additionally, in an effort to distract the jury from the charges with which the defendant has been charged, the defendant may seek to parade witnesses through the courtroom to testify that on prior occasions the defendant followed the law or otherwise behaved as a lawful citizen. Any evidence or argument of this sort is inadmissible, and the Court should exclude it. The law is clear: "A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) (excluding taped proof that defendants met regularly and did not discuss criminal activity). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts. *See, e.g., Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). To hold otherwise would be to eviscerate the carefully drafted limitations of Rule 405, which forbid proof of good character through evidence of specific acts where character is not an element of the charge or defense. *See Beno*, 324 F.2d at 584 and 587. Like Rule 403, Rule 405 is intended to prevent the series of wasteful "mini-trials" which would inevitably ensue if the defendant were allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405 conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time."

---

[1] Even evidence offered under Rule 405(a), of course, cannot include specific instances of good conduct: it is limited to a description of the subject's reputation or to a brief statement of opinion, without support from specific instances of conduct. See Advisory Committee Notes to Rule 405 (The rule "contemplates that testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character . . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given i.e. be confined to the nature and extent of observation and acquaintance upon which the opinion is based").

*See e.g., Grimm*, 568 F.2d at 1136 (evidence of lawful transactions "could have complicated the case and confused the jury").

Accordingly, the government respectfully moves the Court to exclude evidence of non-pertinent traits of the defendant's character. To the extent the defendant intends to offer evidence regarding his character, he should be permitted to do so only in accordance with the limitations of Federal Rule of Evidence 405(a).

WHEREFORE, for the aforementioned reasons, the government respectfully requests that its motions *in limine* be granted.

                                        Respectfully submitted,

                                        GARY S. SHAPIRO
                                        United States Attorney

By:    s/ Bethany K. Biesenthal
           Bethany K. Biesenthal
           Christopher V. Parente
           Assistant United States Attorneys
           219 South Dearborn Street, 5th Floor
           Chicago, Illinois 60604
           (312) 886-7629