UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 354 |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| DAVID LEWISBEY | ) | |

**GOVERNMENT'S MOTION *IN LIMINE*
REGARDING ADMISSIBILITY OF EVIDENCE**

The UNITED STATES OF AMERICA, by GARY S. SHAPIRO, United States Attorney for

the Northern District of Illinois, in advance of the trial in this case, respectfully moves this Court,

*in limine*, seeking a pretrial ruling on the admissibility of certain evidence as direct evidence of the

defendant's unlawful dealing of firearms, or in the alternative, seeking a pretrial ruling on the

admissibility of certain evidence under Fed. R. Evid. 404(b).

**I.      BACKGROUND**

On January 23, 2013, defendant, DAVID LEWISBEY, was charged in a third superseding

indictment with one count of unlawful dealing in firearms, in violation of Title 18, United States

Code, Section 922(a)(1)(A) and 2, two counts of unlawful transportation of firearms, in violation of

Title 18, United States Code, Sections 922(a)(3), and 2, and two counts of crossing state lines with

the intent to engage in the unlicensed dealing of firearms, in violation of Title 18, United States

Code, Section 924(n) and 2.

Count one of the indictment alleges that LEWISBEY engaged in the unlawful dealing of

firearms beginning in and around January 2008 and continuing until on or about September 23, 2012.

As part of the evidence in support of this charge, the United States intends to introduce evidence

recovered from LEWISBEY'S Facebook account, as well as evidence retrieved from LEWISBEY'S

cell phone to demonstrate that LEWISBEY was engaged in the business of dealing in firearms. The evidence the United States intends to introduce includes the following: (1) photographs of firearms; (2) photographs of large amounts of money; (3) text messages regarding the sale of firearms; and (4) Facebook posts/text messages by LEWISBEY regarding law enforcement surveillance.[1] Defense counsel was previously provided with a full copy of all of the evidence recovered from LEWISBEY'S Facebook account and cell phone.

## II.    ARGUMENT

To prove a violation of 18 U.S.C. §922(a)(1)(A) (unlawful dealing of firearms), the United States must prove: (1) that the defendant did not have a federal firearms license; (2) that the defendant engaged in the business of importing, manufacturing or dealing in firearms or ammunition; and (3) that the defendant did so willfully. The proffered evidence described above all demonstrate LEWISBEY'S involvement in the business of selling firearms.

### 1.    The Photographs, Text Messages, And Facebook Posts are Relevant and are Direct Evidence of LEWISBEY'S Unlawful Dealing of Firearms.

Federal Rule of Evidence 401 states that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevant evidence is admissible unless precluded by the United States Constitution, a federal statute, other Federal Rules of Evidence, or rules prescribed by the Supreme Court. Fed. R. Evid. 402. In determining whether relevant evidence should be admitted, the Court is guided by Fed. R. Evid. 403 which allows for the exclusion of relevant

---

[1]The United States will also introduce testimony from cooperating defendants and government witnesses about LEWISBEY'S long-term purchasing of firearms throughout the charged time period.

evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The proffered evidence described above is relevant in this case because it goes to the central issue of whether or not LEWISBEY was involved in the business of dealing in firearms. The numerous photographs of firearms all demonstrate LEWISBEY'S access to and possession of multiple firearms and corroborates the expected testimony of the government witnesses who will testify that LEWISBEY attended numerous Indiana gun shows beginning in January 2008 and purchased multiple firearms at every show, as well as transactions that occurred outside the gun shows. These witnesses will further testify that LEWISBEY always paid in cash and made statements about selling his firearms in the Chicago area. The photographs recovered from LEWISBEY'S phone depicting large amounts of cash demonstrate the profitability of LEWISBEY'S firearm dealing business and stand in stark contrast to his reported brief tenure as an hourly Home Depot employee.

The United States also intends to introduce text message conversations recovered from LEWISBEY'S phone which detail the negotiations between LEWISBEY and third parties regarding the sale of one or more firearms. Again, this evidence is relevant and probative of the issue of LEWISBEY being involved in the business of unlawfully selling firearms. Finally, the United States will also introduce text messages recovered from LEWISBEY'S phone and postings by LEWISBEY on his Facebook account which reference his concern about possible law enforcement surveillance and his need to be discreet in his actions. These posts and messages are relevant to the charges in this case and are probative to establishing LEWISBEY'S willfulness in violating the law

3

by dealing in firearms without a license.

The United States believes that all of the above proffered evidence is relevant and probative of the central issue in this case, namely, that LEWISBEY was involved in the business of dealing in firearms and did so knowing his activities were illegal. Therefore, the United States requests a pretrial ruling regarding the admissibility of these photographs, text messages, and postings as direct evidence of the unlawful dealing of firearms charge against LEWISBEY.

### 2. In the Alternative, the Photographs, Text Messages, And Facebook Posts Are Admissible Under Federal Rule of Evidence 404(b) To Prove LEWISBEY'S Knowledge And Intent To Engage in the Business of Dealing in Firearms.

Rule 404(b) is intended "to be construed as a rule of 'inclusion,' and not 'exclusion.'" *United States v. Jordan*, 722 F.2d 353, 356 (7th Cir. 1983); *see also United States v. Jackson*, 886 F.2d 838, 848 (7th Cir. 1989) (recognizing that the Supreme Court stated a "rationale of general admissibility" with respect to 404(b) evidence in *Huddleston v. United States*, 485 U.S. 681, 686-90 (1988)).

In admitting evidence under Rule 404(b), courts apply the following four-part test: whether the evidence (1) is directed toward establishing a matter at issue other than the defendant's propensity to commit the crime charged, (2) is similar enough and close enough in time to be relevant to the matter in issue, (3) is sufficient to support a jury finding that the defendant committed the similar act, and (4) has probative value which is not substantially outweighed by the danger of unfair prejudice. *United States v. Chapman*, 692 F.3d 822, 827 (7th Cir. 2012). As discussed further below, all four factors weigh heavily in favor of inclusion here.

All of the proffered evidence described above relates directly to LEWISBEY'S activities during the charged time period of 2008 through 2012. The photographs, text messages, and

Facebook posts were all recovered from LEWISBEY's cell phone and Facebook account and most are either listed under LEWISBEY'S name or depict LEWISBEY in the photographs along with the firearms and money. The jury will have little doubt that LEWISBEY either wrote the message or took the photograph.

Because these photographs and messages demonstrate LEWISBEY'S involvement in the business of dealing in firearms, the probative value is great and since the jury will already know the nature of the charges against LEWISBEY, photographs of guns and money, along with text messages and postings about sales of gun and evading law enforcement should carry little, if any, unfair prejudice against LEWISBEY. Moreover, a limiting instruction from the Court regarding the limited purpose for which the Rule 404(b) evidence is offered would eliminate any possibility of unfair prejudice. *See States v. Souffront*, 338 F.3d 809, 834-35 (7th Cir. 2003); *United States v. Vaughn*, 267 F.3d 653, 660 (7th Cir. 2001) ("We have held many times that limiting instructions are effective and proper in reducing or eliminating any possible unfair prejudice from the introduction of Rule 404(b) evidence.").

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court admit the proffered evidence as direct evidence of the defendant's involvement in the unlawful dealing of firearms.  In the alternative, the government requests the Court admit the evidence pursuant to Fed. R. Evid. 404(b) to demonstrate the defendant's knowledge and intent to engage in the unlawful business of dealing in firearms.

Respectfully submitted,
GARY S. SHAPIRO
United States Attorney

By:    /s Christopher V. Parente
Bethany K. Biesenthal
Christopher V. Parente
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-7629