# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 12 CR 354-4 |
| DAVID LEWISBEY, | ) Judge Ronald A. Guzmán |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant DAVID LEWISBEY was charged in the third superseding indictment with one count of the unlawful dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A) and 2 (Count One), two counts of unlawful transportation of firearms, in violation of Title 18, United States Code, Sections 922(a)(3), and 2 (Counts Two and Eight), and two counts of crossing state lines with the intent to engage in the unlicensed dealing of firearms, in violation of Title 18, United States Code, Section 924(n) and 2 (Counts Three and Nine). After a two-week jury trial, defendant was found guilty on all counts.

Defendant now moves for a new trial or judgment of acquittal arguing that: (1) the Court erred in admitting the photographs of firearms recovered from defendant's phone; (2) the Court erred in admitting the Facebook posts and text messages concerning gun sales; (3) the Court erred in allowing Agent Raschke to testify to the geographic location of defendant's phone through historical cell site analysis; (4) the Court erred in denying defendant's request for a "simultaneous residence" jury instruction; (5) the government committed prosecutorial

misconduct when it argued during rebuttal that defendant could have called witnesses on his own behalf; (6) there was insufficient evidence to establish defendant's guilt; and (7) the statutes used to charge defendant were unconstitutionally vague.[1]

The photographs that were introduced at trial came from defendant's phones and depicted numerous firearms and large sums of cash. These photographs were the subject of pretrial motions in limine and the Court gave careful consideration to this evidence. The photographs were relevant to the case in two ways. First, the numerous photographs of firearms all demonstrate defendant's access to and possession of multiple firearms. They therefore corroborate the testimony of the government witnesses who testified that defendant routinely attended Indiana gun shows beginning in January 2008 and purchased multiple firearms at every show, and engaged in transactions that occurred outside the gun shows.

Second, some of the photographs of the guns looked like advertisements, which further supported the contention that defendant was involved in a business/dealing in firearms – the central issue in the case. The photographs recovered from defendant's phone depicting large amounts of cash also tend to show that the defendant was not living the life of a college student and hourly worker at the local Home Depot, but rather, as his own text messages proclaimed, making his living illegally on the streets. Because defendant testified that he was not a dealer of firearms but only a collector, the extent to which he engaged in activity that tended to show that he earned substantial amounts of money selling firearms was pivotal to the case. Defendant himself testified that the cash depicted was his and represented the proceeds from sales he made of marijuana (but not guns) during the relevant time period in an attempt to corroborate his

---

[1] Defendant's motion was filed October 24, 2013. The government's response was due and filed on November 4, 2013. Defendant's reply was due November 18, 2013, but to date, no reply has been filed. The motion is therefore considered without a reply.

testimony that he was a drug dealer, not a gun dealer. Defendant, therefore, used some of the photographs as evidence in support his defense. The jury obviously found his explanation unconvincing. Not only were all of the photographs taken from defendant's own cell phones and web sites, but defendant also admitted having taken the photographs for his own personal reasons. There is, therefore, more than sufficient evidence to connect defendant to the photographs and their contents.

Defendant objects to the admission in evidence of the Facebook posts and text messages. But the Facebook posts were found on his own Facebook page and the text messages were obtained from the same phones recovered from defendant or his room on the day of his arrest. The posts and texts were probative in that they tended to prove defendant was dealing in firearms, an essential and highly contested issue in the case. Defendant's defense was that he was merely a gun collector engaged in establishing a private collection. The jury was entitled to consider evidence of repetitive conduct that would tend to prove actual dealing in the sale of guns for profit. The government need not prove that the specific posts and messages actually resulted in a particular sale at a particular time or place. In order for the evidence to be probative, it is sufficient that it show that the defendant engaged in the type of conduct associated with selling or dealing in firearms for money, and not as a hobby. Though he initially argued that there was insufficient evidence to connect him to this material (even though the posts were on his Facebook page, were authored by "Big Dave" and included photographs of him), defendant ultimately admitted that he authored the posts and messages.

As indicated in the Court's pretrial ruling, the objections defendant now raises to the admissibility of the opinions of the government's expert regarding the general location of

defendant's cell phone at a particular point in time go to the weight of the evidence, not its admissibility. The agent's method and analysis were sufficiently reliable to have allowed his resulting opinions in evidence. Defendant was free to cross-examine the expert and point out the weaknesses in his methodology and analysis.

Defendant also complains that a dual residency instruction should have been given. But the Court gave instructions that allowed defendant to argue residency as a defense, which he did. As the government points out in its response brief, there was evidence that defendant lived in Texas, where he was a student at the time, as well as Indiana and Illinois. More than enough evidence existed from which the jury could determine that defendant resided in one or more states at any given point in time, and he was given the opportunity to present this as a defense. The evidence that defendant resided in the State of Indiana was hardly conclusive and was challenged by the government. The jury was well within its proper role as the trier of facts in rejecting defendant's evidence and argument in this regard.

Defendant next argues that the government's statement in its closing argument that defendant also had subpoena power to bring forth witnesses in his own defense impermissibly shifted the burden of proof. Not so. First, the Court sustained defendant's objection to that argument and immediately instructed the jury to disregard the prosecutor's comments. This was more than sufficient to cure any possible error or prejudice from the single argument. Moreover, the Court's ruling sustaining the objection was made out of an abundance of caution since the government's argument was an invited comment. In his closing argument, defendant criticized the government for not calling the codefendants as witnesses and for failing to rebut defendant's testimony. The government had the right to rebut any inference that it somehow hid

4

evidence or suppressed testimony by withholding witnesses, by pointing out that the testimony was available to defendant as well. *United States v. Miller*, 276 F.3d 370, 374 (7th Cir. 2001) ("[A]s long as it is clear to jurors that the government carries the burden of proof, the prosecutor may tell the jury that a defendant has the power to subpoena witnesses").

Defendant next argues that the evidence was insufficient to convict. This contention does not merit much discussion. The record clearly reflects that the government introduced more than enough evidence to establish defendant's guilt on each of the counts beyond a reasonable doubt.

Finally, defendant contends for the first time that the gun statutes used to charge him are unconstitutionally vague. He does this in one sentence: "Mr. Lewisbey's convictions are invalid because the statutes for which he was convicted are unconstitutionally vague." Defendant fails to indicate which of the statutes he is referring to much less what specific language in any such statute is insufficient, cites no case law and develops no argument or analysis whatsoever in support of this assertion. The Court is not required to consider an undeveloped and unsupported assertion of unconstitutionality. *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006).

For the reasons given above, defendant's motion for a new trial or judgment of acquittal [183] is denied.

Dated: February 5, 2014

**SO ORDERED:**

*Ronald A. Guzmán*

**Ronald A. Guzmán**
**United States District Judge**